**J. S. McHARGUE, Appellant,**

v.

**Katherine PERKINS, Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Nov. 30, 1956.

Elmer Drake, Lexington, for appellant.

Alvin B. Trigg, Lexington, for appellee.

MONTGOMERY, Judge.

Katherine Perkins, appellee, sued J. S. McHargue, appellant, for damages in the sum of $15,950 from assault and battery. Judgment was entered, based on a verdict in favor of appellee, for $1,471 for pain, suffering, and medical bills.

The trial court rejected appellant's offer to show by the testimony of several witnesses that the reputation of the appellee for truthfulness and morality was bad. Appellant urges this denial as error.

The impeachment of witnesses insofar as we are here concerned is governed by CR 43.07, which is:

"A witness may be impeached by any party, without regard to which party produced him, by contradictory evidence, by showing that he had made statements different from his present testimony, or by evidence that his general reputation for untruthfulness renders him unworthy of belief; but not by evidence of particular wrongful acts, except that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony."

This rule effects a significant change in Kentucky practice. It supplants Civil Code Sections 596 and 597. Clay, CR 43.07.

The latter Civil Code section provided for impeachment of a witness "by evidence that his general reputation for untruthfulness or immorality renders him unworthy of belief". The right to impeach by evidence that one's general reputation for untruthfulness renders the witness unworthy of belief has been retained in CR 43.07. This is essentially the same as the corresponding portion of Civil Code Section 597. The companion right to impeach by showing the general reputation for immorality was not included in the new rule. Thus, the trial court was correct in rejecting the reputation testimony as to the morality of appellee, but was in error in refusing to admit the evidence as to her general reputation for untruthfulness.

A reading of the evidence reveals a sharp and distinct conflict in the testimony, especially as to which party was the aggressor and as to whether the injuries complained of were sustained. Where the evidence is so conflicting, the credibility of the witnesses becomes very important. Evidence that one party's general reputation for untruthfulness is such as to render that party unworthy of belief is extremely pertinent and material. In such a case, the rejection of this type of testimony is prejudicial. 3

**302**

Am.Jur., Appeal and Error, Section 1032, page 589; 5 C.J.S., Appeal and Error, § 1739, p. 1040.

It is unnecessary to determine whether appellee's testimony was sufficient to take the case to the jury or to sustain a verdict on the questions of who was the aggressor and what injuries were suffered. On another trial, the proof may be different as to kind and quality.

The judgment is reversed, with direction to grant a new trial.